IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DARRON PRICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-03115-STA-cgc |
| | ) | |
| RANDY LEE, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING PETITIONER'S MOTION TO OBTAIN RECORDS
DENYING PETITIONER'S MOTION TO APPOINT COUNSEL
GRANTING RESPONDENT'S MOTION TO COMPEL COMPLIANCE

On December 20, 2011, Petitioner Darron Price, Tennessee Department of Corrections number 295398, an inmate currently at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 6, 2013, the Court granted Respondent's motion to stay because Price had filed an appeal of his conviction in state court, and his appeal was then pending before the Tennessee Court of Appeals. On February 5, 2016, the Court re-opened the case and ordered Respondent to file an Answer.

Now before the Court are Price's *pro se* Motion to Obtain Records (ECF No. 27) filed on February 1, 2016, and *pro se* Motion to Appoint Counsel (ECF No. 34) filed on April 4, 2016. In his Motion to Obtain Records, Price requests that the Court order the state to provide Price with records at the state's expense and direct the clerk of the Shelby County Criminal Court to prepare a transcript of the hearing on Price's petition for post-conviction relief. Price argues that the documents are necessary for a proper determination of his habeas claims.

On April 29, 2016, Respondent filed a Motion to Compel Compliance with Habeas Rule 2 (ECF No. 38). Respondent requests that the Court order Price to re-file all of his claims for relief on the official form for habeas corpus petitions under 28 U.S.C. § 2254. For cause Respondent argues that Price filed a memorandum of law on January 11, 2016, alleging a new claim for ineffective assistance of post-conviction counsel. Respondent states that this claim did not appear in Price's initial habeas petition. The same memorandum asserts new factual support for Price's claims in grounds one and four of his original petition. The memorandum also fails to refer in any way to Price's claims of ineffective assistance of trial counsel raised as grounds two and three in his initial petition. Therefore, Respondent asks the Court to direct Price to file all of his claims for relief on an amended petition on the official form.

The Court finds that Respondent's Motion to Compel Compliance is well taken and will therefore be granted. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Section 2254 Rules") requires the petitioner to "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[1] Furthermore, Rule 2(d) of the Section 2254 Rules requires a petition to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."[2] In this case Price has filed an initial habeas petition setting forth claims for relief. The Court stayed this case while Price sought additional relief through the Tennessee state courts. Price's subsequent filings now appear to raise new grounds for relief and new facts supporting

---

[1] Rule 2(c) of the Section 2254 Rules.

[2] Rule 2(c) of the Section 2254 Rules.

earlier grounds for relief. For the sake of clarity and as Rule 2(c) of the Section 2254 requires, Price is ordered to file an amended habeas petition on the official form, setting forth all of his grounds for relief and the facts supporting each ground. The filing of the amended petition will allow Respondent to answer each claim more fully and facilitate the Court's review of Price's claims for relief. Price should file his amended petition on the official form, sign the form under penalty, and file it with the Court within 30 days of the entry of this order. Therefore, Respondent's Motion to Compel is **GRANTED**. Respondent's Answer to the amended petition will be due within 23 days of the filing of the amended petition. The Answer shall include the complete trial and appellate record of Price's original case and any subsequent state petitions for collateral relief.

As for Price's Motion to Obtain Records, Price requests a court order for the preparation and production of documents necessary for the Court to decide his habeas petition. Rule 5(c) of the Section 2254 Rules requires an Answer to a habeas petition to "indicate what transcripts (or pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed." Rule 5(c) goes on to require a respondent to "attach to the answer parts of the transcript that the respondent considers relevant." Even then, "[t]he judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." Rule 5(d) further requires the answer to include all briefs on appeal and opinions and dispositive orders of the appellate court.

In this case Rule 5 provides the appropriate procedure for the relief Price seeks. Some of the documents mentioned in Price's Motion to Obtain Records are mentioned in Rule 5 as well and will be filed as part of Respondent's Answer. However, Respondent has not yet filed an

Answer. Respondent's Answer is not due until after Price has filed his amended petition. Under the circumstances the Court finds Price's Motion to Obtain Records to be premature. Therefore, the Motion is **DENIED** until such time as Respondent has filed his Answer in accordance with Rule 5 of the Section 2254 Rules and the Court has determined that additional portions of the record are needed to make a determination of Price's amended petition.

Finally, a petitioner has "no constitutional right to counsel on habeas."[3] "Habeas corpus is a civil proceeding,"[4] and the Court has broad discretion in determining whether counsel should be appointed.[5] "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."[6] The appointment of counsel is mandatory only when an evidentiary hearing is required.[7]

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.[8]

---

[3] *Ryan v. Gonzales*, 133 S. Ct. 696, 704 (2013) (citing *Murray v. Giarratano*, 492 U.S. 1, 10 (1989) (other citation omitted); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

[4] *Carter v. Anderson*, 585 F.3d 1007, 1013 (6th Cir. 2009) (citing *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978)).

[5] *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).

[6] *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require").

[7] Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

[8] *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

The Court finds that Price has not demonstrated that the appointment of counsel would be in the interest of justice at this time. Nothing in Price's submissions thus far distinguishes this case from the numerous other § 2254 petitions filed by indigent prisoners who are untrained in the law. Price's Motion to Appoint Counsel is **DENIED**. If the Court determines that a hearing is required, counsel will be appointed to represent Price, as required by law, without the filing of a motion.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: August 31, 2016.